IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHELBY COUNTY HEALTH CARE CORPORATION d/b/a REGIONAL MEDICAL CENTER, </br></br>    Plaintiff, </br></br> v. </br></br> UNITED HEALTHCARE INSURANCE COMPANY, </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No.:_____ </br> ) </br> ) (Removed from the Circuit Court of Tennessee </br> ) for the Thirtieth Judicial District at Memphis </br> ) District at Memphis, CT-3239-07, Division IX) </br> ) </br> ) </br> ) |

## NOTICE OF REMOVAL

Defendant United HealthCare Insurance Company ("United") files this Notice of Removal to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a)-(b), and 28 U.S.C. § 1332. In support of the motion, United alleges as follows:

1. The above-entitled action was commenced in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Civil Action Number CT-003239-06, Division IX, on or about June 22, 2007, and is now pending in that court.

2. This Notice of Removal is filed within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the pleadings, process, and other papers served upon United in this action to date.

3. The Complaint filed by Shelby County HealthCare Corporation d/b/a Regional Medical Center ("The Med") alleges that it furnished goods, materials, merchandise, and medical services to Ronnie Eddins, and that United is indebted to The Med for the costs of goods, materials, merchandise, and services rendered. Mr. Eddins is the covered spouse of a participant

920619.1

in a fully insured employee welfare benefit plan sponsored and maintained by his wife's (Bridget E. Eddins) employer, Ultimate Solutions, LLC, ("the Ultimate Solutions Plan") as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), *et seq.* Based upon information and belief, Ultimate Solutions, LLC is engaged in interstate commerce. United serves as the underwriter and claims administrator of the Ultimate Solutions Plan and makes determinations about which claims are eligible for payment under the terms of the Ultimate Solutions Plan.

4.  The Complaint alleges that United failed to make payment pursuant to an assignment executed by Ronnie Eddins to The Med, and seeks payment of medical benefits available to Ronnie Eddins under the terms of the Ultimate Solutions Plan. Thus, The Med has standing to seek benefits under ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a)(1)(B). Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1277 (6th Cir. 1991) (health care provider may assert an ERISA claim as a "beneficiary" of an employee benefit plan if it has received a valid assignment of benefits), cert. dismissed, 505 U.S. 1233 (1992).

5.  The state law claims in the Complaint relate to an ERISA plan and, therefore, are preempted by ERISA. See Ruble v. UNUM Life insurance Co., 913 F.2d 295 (6th Cir. 1990) (virtually all state law claims relating to an employee benefit are preempted by ERISA); The Med's claims are super-preempted by ERISA because they relate to an ERISA-governed employee welfare benefit plan and fall within ERISA's civil enforcement provisions, 29 U.S.C. § 1132. See Aetna Health, Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2496-97 (2004) (claims fall within the scope of ERISA if individual bringing suit complains of a denial of coverage for medical care under the terms of an ERISA plan); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (state law fraud and breach of contract claims are preempted by ERISA).

6. This action is removable to this Court pursuant to 28 U.S.C. § 1331 because all of the claims asserted against United are completely preempted as they involve exclusive federal remedies available to participants, beneficiaries, and assignees of ERISA-governed plans. The remedies available, if any, are limited to that provided by ERISA's civil enforcement provisions. 29 U.S.C. § 1132(a)(1)(B).

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

8. This Court also has federal diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. At the time of the Complaint and as of the date of the filing of this Removal, Shelby County Health Care Corporation d/b/a Regional Medical Center was and still is a Tennessee corporation with its principal place of business in Tennessee. At the time of the Complaint and as of the date of the filing of this Removal, United HealthCare Insurance Company was and still is a Connecticut company with its principal place of business in Connecticut. The Complaint alleges that United is indebted to The Med in the amount of $738,395.57, and demands relief in the amount of $738,395.57 plus interest and costs.

9. United will give written notice of the filing of this notice to The Med as required by 28 U.S.C. § 1446(d).

10. A copy of this notice will be filed with the Clerk of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant United HealthCare Insurance Company requests that this action now pending in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis be removed to the United States District Court for the Western District of Tennessee (Western Division).

/s/Christopher F. Heinss
Attorney For Defendant,
United HealthCare Insurance Company

**OF COUNSEL:**
Christopher F. Heinss (BPR #23285)
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201
cheinss@balch.com
(205) 251-8100
fax (205) 488-5642

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. A true and correct copy of the foregoing document has been served via the Court's CM/ECF system on all persons listed below who are registered CM/ECF participants who have consented to electronic notice, and on whom the notice of electronic filing indicates that notice was electronically mailed, or, on all others via United States Mail, First Class Postage prepaid on this the 26th day of July, 2007:

Curtis H. Goetsch
McCullough & McCullough, PLLC
9050 Corporate Gardens Drive
Germantown, TN 38138

/s/Christopher F. Heinss
OF COUNSEL