IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHELBY COUNTY HEALTH CARE CORPORATION d/b/a REGIONAL MEDICAL CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-CV-312 |
| UNITED HEALTHCARE INSURANCE COMPANY, | ) ) ) | Judge Robert Echols Magistrate John S. Bryant |
| Defendant. | ) ) | |

### INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1)b.2, Curtis H. Goetsch, counsel for Plaintiff, and Christopher F. Heinss and William H. Tate, counsel for Defendant, conferred on May 27, 2008, and based upon agreements reached hereby adopt this Proposed Case Management Order. At the time of entry of this Order, the parties have pending before this Court Defendant United HealthCare Insurance Company's Motion to Compel Arbitration, which is opposed by Plaintiff.

1. **Jurisdiction:**

The parties are aware of no unresolved issues regarding service of process. Defendant has invoked federal question and diversity jurisdiction. The only jurisdictional matter in dispute involves certain state law claims that Plaintiff alleges are not preempted by ERISA.

The parties initially disputed which court was the proper venue for this case and submitted briefs to the United States District Court for the Western District of Tennessee regarding that dispute. The Western District held that due to a contractual agreement between the parties, Davidson County, Tennessee was the agreed-upon forum for this action. Accordingly, the Western District transferred this case to the Middle District of Tennessee.

2. **Plaintiff's claims:**

Plaintiff Shelby County Health Care Corporation d/b/a Regional Medical Center alleges claims against Defendant United HealthCare Insurance Company including but not limited to improper denial of benefits, breach of fiduciary duty, bad faith, and statutory claims under ERISA. Plaintiff also alleges state law breach of contract to the extent this dispute, or any part of this dispute, is not governed by ERISA.

3. **Defenses:**

Defendant asserts a number of defenses, which include but are not limited to ERISA preemption, the presence of a binding arbitration agreement, and failure to exhaust administrative remedies under the benefit plan at issue. Defendant asserts that the claim was properly paid and nothing further is due.

4. **Issues:**

This lawsuit arose from a dispute over the proper amount of reimbursement due to Plaintiff for goods, materials, merchandise, and medical services rendered to an individual who was covered by his spouse's employee welfare benefit plan, of which Defendant is the underwriter and claims administrator. None of the substantive issues between the parties have yet been resolved.

5. **Special Issues:**

The parties have asserted no counterclaims, cross-claims, third-party claims, joinder of any other parties and/or claims, or class action certification in this case. Any proposed amendment to a pleading must be by the deadline established in this order.

6. **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)**:

Parties have already served initial disclosures.

7. **Discovery Dates:**

<u>Filing of Administrative Record</u>: Should the Court make a ruling not to compel arbitration in this case, and should the Court determine that some or all of the claims in this case are governed by ERISA, the administrative record will be filed no later than September 15, 2008.

<u>Joining Parties</u>: by August 15, 2008.

<u>Amending Pleadings</u>: by August 15, 2008.

<u>Completing All Discovery</u>: by January 16, 2009.

8. **Dispositive Motion Dates:**

<u>Filing of Dispositive Motions</u>: by February 13, 2009.

<u>Filing of Replies to Dispositive Motions</u>: by March 18, 2009.

9. **Proposed Discovery Limitations and Cutoffs**:

<u>Depositions</u>: Maximum of 5 depositions for Plaintiff and 5 depositions for Defendants with a maximum time limit of 8 hours per deposition, unless extended by agreement of the parties, or by the Court at the request of a party.

<u>Interrogatories</u>: Maximum of 30 by each party, with responses due within 30 days after service.

<u>Request for Admission</u>: Maximum of 30 by each party, with responses due within 30 days after service.

<u>Request for Production</u>: Maximum of 40 by each party, with responses due within 30 days after service.

10. **Trial:**

**<u>BENCH TRIAL</u>** is set for June 23, 2009, at 9:00 a.m. before Senior Judge Echols. A pretrial conference shall be held on June 1, 2009, at 1:00 p.m. Trial is expected to last 2 days. Judge Echols will issue a separate order setting forth his requirements for the trial and pretrial conference.

11. **Alternative Dispute Resolution:**

This case may be appropriate for ADR. A Motion to Compel Arbitration is pending in this Court. Should the Court deny that Motion, the parties will assess the potential effectiveness of mediation as discovery progresses.

This order has been entered after consultation with the undersigned trial counsel.

IT IS SO ORDERED.

                                                        *s/ John S. Bryant*
                                                        John S. Bryant
                                                        United States Magistrate Judge

                                                        Date: June 2, 2008

s/ Curtis H. Goetsch
Curtis H. Goetsch
Attorney for Plaintiff
McCullough & McCullough, PLLC
9050 Corporate Gardens Drive
Germantown, Tennessee 38138
(901) 755-8881

s/Christopher F. Heinss
Christopher F. Heinss
Attorney for Defendant
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201
(205) 251-8100

s/William H. Tate
William H. Tate
Attorney for Defendant
Howard, Tate, Sowell, Wilson, & Boyte, PLLC
150 Second Avenue North
Suite 201
Nashville, Tennessee 37201
(615) 256-1125