**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHELBY COUNTY HEALTH CARE** | ) | |
| **CORPORATION d/b/a REGIONAL** | ) | |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:08-0312** |
| | ) | **JUDGE ECHOLS** |
| **v.** | ) | |
| | ) | |
| **UNITED HEALTHCARE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Defendant United Healthcare Insurance Company ("United") filed a Motion To Compel Arbitration (Docket Entry No. 28), to which Plaintiff Shelby County Health Care Corporation d/b/a Regional Medical Center ("The Med") filed a response (Docket Entry No. 30) and United filed a reply (Docket Entry No. 39). The Motion to Compel Arbitration is hereby GRANTED.

This case was initially filed in Shelby County state court, removed to the United States District Court for the Western District of Tennessee, and transferred to this Court. United and The Med are parties to a Facility Participation Agreement ("the Agreement"). Article VII of the Agreement states that the "parties will work together in good faith to resolve any and all disputes between them" and if the parties are unable to resolve a dispute the parties agree to submit the dispute to binding arbitration in accordance with the Commercial Dispute Procedures of the American Arbitration Association. The Agreement further provides that any arbitration proceeding shall be conducted in Davidson County, Tennessee. (Docket Entry No. 28-2, Agreement at 7.)

The Med alleges in its Amended Complaint that it furnished extensive medical services and

1

supplies to Ronnie Eddins after he was injured in an automobile accident. (Docket Entry No. 20-11, Amended Complaint.) United is the health insurance carrier for Eddins. The Med proceeds on an assignment of benefits from Eddins. It alleges that United breached the insurance contract by failing to make payment after demand and that United now owes The Med $738,395.57 plus interest and costs for Eddins' care.[1] The Med also alleges that at no time prior to the filing of the action did United represent or inform The Med that it was a third party administrator for a plan organized under the Employee Retirement Income and Security Act ("ERISA"). The Med contends that United did not respond to The Med's request for a copy of the summary plan description and other plan information that supported "the improper payment of benefits," in violation of 29 U.S.C. § 1021(a). As a result of this failure, The Med claims United owes it a statutory penalty of $100 per day for each day after the initial thirty (30) days allowed by 29 U.S.C. § 1132(c)(1) for the provision of such documents. Further, The Med alleges that United breached its fiduciary duty to Eddins and to The Med (as a result of Eddins' assignment of his claims), and The Med contends that United acted in bad faith in the improper payment of Eddins' hospital bill when it ignored ERISA procedures and did not disclose the claim was subject to ERISA guidelines. For breach of fiduciary duty and bad faith, The Med claims that United should pay Eddins' outstanding hospital bill, all statutory penalties for breach of fiduciary duty and bad faith, and The Med's attorney's fees and costs.

United moves to compel arbitration under the Agreement. The Med agrees that the state law claim for breach of contract is subject to arbitration under the Agreement. (Docket Entry No. 30,

---

[1]United represents in its reply that The Med's total billed charges for Eddins exceeded $1million and the amount in dispute–$738,395.57–is the difference between The Med's billed charges and the contracted fee United alleges it paid under the Agreement, less Eddins' co-payments and deductibles.

Case 3:08-cv-00312   Document 42   Filed 08/14/08   Page 2 of 5 PageID #: 192

Response at 1.) The Med contends, however, that the ERISA claims are not subject to arbitration because the claims are derivative of the rights of the plan participant who is not a party to the Agreement between The Med and United.

United contends that at rock bottom this is a dispute between The Med and United as to how much the contracted fee amount should be under the ERISA Plan and the Agreement governing their business relationship. United argues that, if this Court were to accept The Med's view that its claims should be bifurcated into ERISA (non-arbitrable) and state law (arbitrable) claims, the Agreement's arbitration clause would be rendered meaningless.

The Federal Arbitration Act ("FAA") provides for compulsory arbitration of disputes covered by a valid arbitration agreement. 9 U.S.C. § 2; Simon v. Pfizer Inc., 398 F.3d 765, 774 (6th Cir. 2005). The FAA strips the district court of discretion and mandates that the court shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). Any doubts the district court may have concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The court must apply a presumption of arbitrability and not deny an order to arbitrate "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648-651 (1986).

In Simon the Sixth Circuit considered an employment relationship governed by an agreement to arbitrate disputes concerning constructive termination and termination for just cause. Simon, 398 F.3d at 772. In addition to a retaliatory discharge claim arbitrable under the agreement, Simon also brought claims against his former employer under ERISA for improper denial of plan benefits,

3

breach of fiduciary duty and failure to provide timely and proper notice of COBRA benefits.  Id. at 768-769.  Simon asserted that his ERISA claims were not subject to arbitration.  The Sixth Circuit noted that it had not previously considered "the narrow issue of whether ERISA preempts arbitration under the FAA[,]" but observed that "the majority of courts considering this issue have held that disputes arising under ERISA, including COBRA claims, are subject to arbitration under the FAA[,]" citing numerous cases from various jurisdictions.  Id. at 774.  The appellate court did not resolve the issue in Simon because it held the parties' agreement to arbitrate was so narrowly written that it did not include arbitration of Simon's ERISA and COBRA claims, and therefore, the federal statutory claims could proceed in district court.  Id.  The court recognized, however, that "[w]hen faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration."  Id. at 775(emphasis in original).

Here, in contrast to Simon, a broad arbitration clause is at issue.  The Med and United agreed to "work together in good faith to resolve *any and all disputes* between them," and to submit to binding arbitration any dispute that could not be resolved.  See id. (observing arbitration is matter of consent and contract between parties).  Even though The Med contends that it asserts the ERISA claims on behalf of Eddins, Eddins assigned to The Med any claims he may have against United; therefore, The Med is the actual party-in-interest, not Eddins.  The ERISA claims fall within the scope of the arbitration clause because The Med could not maintain an action in this Court without making reference to the ERISA Plan and the Agreement governing its relationship with United.  See NCR Corp. v. Korala Assoc. Ltd., 512 F.3d 807, 814 (6th Cir. 2008); Nestle Waters North America, Inc. v. Bollman, 505 F.3d 498,  504 (6th Cir. 2007).  The ERISA claims are part and parcel of the

4

entire dispute between the contracting parties, who consented to arbitrate any dispute they could not resolve. Therefore, the Court concludes that all of The Med's claims, both contractual and statutory, fall within the scope of the broad arbitration clause contained in the parties' Agreement and all of the claims must be submitted to arbitration in Davidson County pursuant to the Agreement.

The Court finds it is unnecessary to hold an evidentiary hearing before granting the motion to compel arbitration because the parties do not factually dispute the making of their Agreement. The only question before the Court is one of law–whether the ERISA claims fall within the scope of the arbitration clause. Thus, no hearing is required. See Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co., 706 F.2d 155, 159 (6th Cir. 1983). Accordingly,

(1) United's Motion To Compel Arbitration (Docket Entry No. 28) is hereby GRANTED;

(2) The parties shall submit all issues in dispute to arbitration in Davidson County in accordance with the Commercial Dispute Procedures of the American Arbitration Association, as provided in their Agreement;

(3) All further proceedings in this case are hereby STAYED pending completion of the arbitration proceeding; and

(4) The Clerk is hereby DIRECTED to close the case administratively until a motion is filed seeking leave to reopen the case.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

5